(Cuyahoga County Common Pleas.)

IRA C. ROGERS, a minor, by Frank A. Rogers his next friend. v. THE AKRON, BEDFORD, & CLEVELAND RAILROAD COMPANY, and GEORGE W. CROUSE and ALBERT O. BEEBE, Receivers of THE AKRON STREET RAILWAY AND ILLUMINATING COMPANY.

(Opinion rendered February 7, 1899.)

---

Receivers of corporations are not the representatives of the corporation alone, but are also representatives of its creditors, subject always to the order and direction of the court that appointed them. Their powers under the orders of the court are more extensive than those of the corporation itself. and they are not protected by sections 5026 and 5027, Revised Statutes, from service in actions brought in other counties than that of their domicile but they may be served with process from another county under section 5038, R. S., where the action is for a joint liability and is rightfully brought in the county wherein one of the defendants resides.

---

ONG, J.

This case is before the court on a motion to set aside service of summons upon the defendants, George W. Crouse and Albert O. Beebe, as Receivers of The Akron Street Railway & Illuminating Company.

The facts involved in the case are briefly as follows:

The defendant, The Akron, Bedford & Cleveland Railroad Company, operate an electric railway from the city of Cleveland to Silver Lake, a point some distance north of Akron. The receivers of The Akron Street Railway & Illuminating Company operate an electric railway from Akron to Silver Lake and then, by an arrangement between the two companies, of the receivers of The Akron Street Railway & Illuminating Company, and The Akron, Bedford & Cleveland Railroad Company, the line of The Akron, Bedford & Cleveland Railroad Company carry passengers over the line of The Akron Street Railway & Illuminating Company to Silver Lake, Cuyahoga Falls and Akron.

The plaintiff says that on the 21st day of June, 1898, he was a passenger on The Akron, Bedford & Cleveland Railroad, from the city of Cleveland to Silver Lake and return, and that, after being safely transported to Silver Lake, he took passage for return upon the car furnished under such contract for transportation, said car being operated by the said receivers. Then he says, that, by reason of the negligence of the defendants, their failure to properly keep in repair the track, and to furnish proper cars, and, by negligence in the operating of the same at a dangerous rate of speed, the car, upon which he was riding, left the track, and that it was upturned, and he was badly injured by reason of the accident, and he asks for a judgment against both companies, for the joint negligence that caused his injuries.

To that petition was attached a precipe, requesting the clerk to issue

summons for The Akron, Bedford & Cleveland Railroad Company, to the Sheriff of Cuyahoga county, and for the defendants, George W. Crouse and Albert O. Beebe, receivers of The Akron Street Railway & Illuminating Company, to the sheriff of Summit county, endorsed, &c. All of which was done, and the return shows the service of the company as required by statute in this county, and service upon the receivers or, at least, one of them, by the sheriff of Summit county; and thereupon, the motion referred to, was filed to set aside and quash the service upon the receivers; and it is contended by the movers who appear for the purposes of this motion only, that the service upon the Receivers in Summit county is void; that under the statute no service could be had upon the receivers for the reason that no part of the road or line of The Akron Street Railway & Illuminating Company passes into or through the county of Cuyahoga; and, again, that such company is purely and solely domiciled in Summit county, Ohio, and that the receiver can, in no manner, be brought into this court under the statutes of this state. Furthermore, they contend that wherever the word "may" has been used in the statute, in reference to service upon foreign corporations, it is to be or shall be construed as "must" or "shall". For instance, as provided in section 5026 wherein it provides as follows:

"An action other than one of those mentioned in the first four sections of this chapter, against a corporation created under the laws of this state, may be brought in the county in which such corporation is situated, or has, or had its principal office or place of business, or in which any corporation has an office or agent; but if such corporation is an insurance company, the action may be brought in the county wherein the cause of action, or some part thereof, arose."

Also section 5027 provides:

"An action against the owner or lessee of a line of mail stages, or other coaches, for an injury to person or property upon the road or line, or upon a liability as carrier, and an action against a railroad company, may be brought in any county through or into which such road or line passes."

Counsel contend that the word "may", in both sections is to be construed as "must" or "shall". And it not appearing from the petition that the corporation has done so within the county of Cuyahoga, or that its line or road passes into or through the county, or that it has some agent or office or place of business in the county of Cuyahoga, they contend that the service made in this case is improper and should be quashed and set aside.

On the other hand, it is contended by counsel for the plaintiff, that in this case The Akron Street Railway & Illuminating Company is not a party to this action; that the corporation has not been made a party, and that the sections referred to, do not control even if the word "may" is to be construed as "must" with reference to receivers of a corporation. But counsel argued at great length, and very earnestly, that the word may, as used in the statutes as affecting this question, is nowhere to be construed as must or shall, but always, as it is used, permissive and not imperative. So that the filing of this motion by the receivers to quash and set aside service upon them, presents rather a novel question to the court to be determined.

Section 5038 R. S. provides as follows:

"When the action is rightly brought in any county, according to the provisions of chapter five of this division, a summons may be issued to any other county, against one or more of the defendants, at the plaintiff's request."

Under this section of the statute, this action is sought to be maintained. And while there has been much discussion by counsel, with reference to the construction to be put upon the word "may", we think it of more importance in this case to determine what defendants in an action may be served by process issued to a foreign county. In other words, there is no question made in this case, but what

the action, so far as the defendant The Akron, Bedford & Cleveland Railroad Company is concerned, is rightly brought in this court and the county of Cuyahoga, and there being no controversy but what the defendants, the receivers of The Akron Street Railway & Illuminating Company and The Akron, Bedford & Cleveland Railroad Company were operating over the same line of road at the time of the injury complained of, and the receivers being properly joined as defendant with The Akron, Bedford & Cleveland Railroad Company, may they be served by a foreign summons issued to Summit county, Ohio? The only provision of the statute or law that is to defeat such service if it is to be defeated, is found in sections 5026 and 5027, to which I have referred. Section 5026, however, refers to a corportoin that may be sued thus-and-so, while section 5027 expressly refers to railroad companies and provides, as I have already said, that it may be brought in any county through or into which such road or line passes. This brings us to the consideration of the question, as to whether or not receivers of a railroad corporation are merely representatives of the corporation and clothed with all the powers of corporation, under the statute, and protected from foreign service or orders of courts as a corporation is protected by the statutes.

We feel constrained to answer the proposition, by saying that whilst there are some rights granted by the statutes of incorporation that the receivers of a corporation may avail themselves of, and whilst they use, handle and manage the property of the corporation, yet they do so, not only under •the statutory law, but by order of the court creating or appointing such receivers. And, again, the receivers of a corporation are not the representatives of the corporation alone, but they are representatives of the corporation and all its creditors, subject always to the order and direction of the power or court that created and made them receivers. So as that I cannot say that receivers of a corporation are to be protected from service by a

foreign summons where it is alleged in the petition that there is a joint debt or liability and the action is rightfully brought in the county wherein one of the defendants resides. And I so hold for the reason that corporations created under the statutes of Ohio, have definite and limited powers in-so-far as the jurisdiction of courts acquired over them is controlled by the fact as to their domicile or the counties into which or through which their line of railroad passes. That is not so as to receivers; — they are not guided by any statutory provisions alone; they are bound to do and perform the many things that a corporation is required to do in order to maintain and keep its charter; they, in turn, may do anything that the court, appointing them, orders or directs that they shall do; they are vested with much more power and authority with reference to either the acquisition of property or the control and management of property, than the corporate body was itself; and the fact that they are the receivers of a corporation or have become in one sense common carriers, in no manner limits their right and power and duty to prescribe limits of the corporation for which they are receivers.

In this case this injury did not occur under the management of the corporation of The Akron Street Railway & Illuminating Company, but occurred, as averred in the petition, under the management of. the property of that corporation by the receivers, the defendants in this case.

Therefore, we hold, that sections 5026 and 5027 do not apply in the case at bar, but that the action is rightfully brought under section 5038, and that a foreign summons was properly issued and served upon the receivers in this case, and that the service is good.

The motion will, therefore, be overruled, and exceptions noted.

The same entry will be made in the two cases, as follows: No. 64069, Sylvester C. Moses, &c., v. The Akron, Bedford & Cleveland Railroad Co.; No. 64047, Anna B. Moses v.

[COPYRIGHT, 1899, BY CARL G. JAHN.]

The Akron, Bedford & Cleveland Railroad Co.

Dickey, Brewer, Bentley & McGowan, for plaintiff.

Atterholt & Marvin; and Allen & Cobbs, for defendants.